UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

John O. Murrin and DeVonna K. Murrin,           Civil No.  07-2958 PAM/RLE

        Plaintiffs,

v.                                                    **MEMORANDUM AND ORDER**

Mathew S. Mosher, MSM Enterprises, LLC,
Peder K. Davisson, individually and
Davisson & Associates, P.A., Peder K.
Davisson Revocable Trust,
Michelle M. Davisson Revocable Trust,
James Hoffman, Teresa Hoffman, Teresa
Hoffman Revocable Trust, Doe Hoffman
(mother of James Hoffman), Heartland
Consulting, Inc., Lakewind Homes, LP,
Lakewind I, LP a/k/a Lakewind Credit & Financial
Services, Inc., Home Funding Corp., Home
Funding Capital, Inc., Home Funding Capital, II, Inc.,
Home Funding Capital III, LLC, Home Loan
Financial Corp., American Financial Services, Inc.,
Agricultural Financial Services, Inc., Dairyland
Funding Solutions, Inc., Belle Vista Homes, Inc.
Chilchelle Scott, Glen Smogoleski, Robin
Smogoleski, G.R.S., The Furniture and More
Store, Inc., Accredited Financial Services, Inc.,
Dennis DeSender, LaSalle Financial Corp.,
Washington Financial Co., Merrs
Group, Inc., Colleen Turgeon, Terri Hanson, Dairy
Cattle Leasing, Inc. or Dairy Cattle Leasing, LLC
a/k/a DCL Group, American Heritage Properties, Inc.
(AHP), Fred Blumenhagen, Linda Blumenhagen, Steven
J. Mattson, SJM Enterprises, LLC and Avidigm
Capital Group, Inc., Lake Calhoun Estates, LLC,
Edina Realty, Doe and Does I-V, Tony Klatt,

        Defendants.
_____

This matter is before the Court on Defendant Edina Realty's Motion to Dismiss, Defendant Colleen Turgeon's Motion to Dismiss or for More Definite Statement, and Plaintiffs' Motion to Remand. For the reasons that follow, the Court grants the Motion to Remand and therefore denies without prejudice the remaining Motions.

**BACKGROUND**

Plaintiffs allege that they were victims of a far-reaching Ponzi scheme involving real estate. In early December 2003, Plaintiffs invested $50,000 in now-defunct Avidigm Capital Group ("Avidigm"). Ostensibly, Avidigm was to use the money to purchase at sheriff's sales foreclosure properties in which the homeowner had substantial equity, then sell the properties to reap a large profit. Fourteen days after their initial investment, Plaintiffs received their money back, along with a $2,000 profit. In January 2004, Plaintiffs made another investment, this time for $75,000. Four months later, Plaintiffs received almost $85,000 back from Avidigm.

In August 2004, Plaintiffs made a more substantial investment in Avidigm. In exchange for $600,000, Plaintiffs were promised that Avidigm would secure properties worth at least $900,000, and that Plaintiffs would receive a profit of $11,000 per month and receive their principal back within 15 months. Plaintiffs allege that they have not received either their investment principal or the supposed profit. Avidigm and many of those associated with Avidigm are insolvent.

Plaintiffs initiated their lawsuit in Hennepin County. There are 44 named Defendants

and five unnamed "Doe" Defendants.[1] The relevant Defendants for the purposes of these Motions are Edina Realty, Inc. ("Edina"), one of the largest real estate brokers in the Twin Cities; and Colleen Turgeon, an Edina real estate agent who was also allegedly an officer of Avidigm.

In June 2007, Edina removed the case to this Court, apparently pursuant to 28 U.S.C. §§ 1441(a) and (c). Edina then moved to dismiss the allegations against it pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Turgeon has likewise moved to dismiss or, in the alternative, for a more definite statement. Plaintiffs oppose the Motions and also seek remand back to state court, alleging that Edina failed to secure the consent of all Defendants to removal as required by § 1441(a).

**DISCUSSION**

**A.     Motion to Remand**

Edina contends that it removed this matter pursuant to 28 U.S.C. §§ 1441(a) and (c). (See Edina's Mem. in Opp'n to Mot. to Remand at 2, citing Notice of Removal ¶¶ 5-6.) However, the Notice of Removal cites only § 1441(b) as the basis for the removal (Notice of Removal ¶ 6), although in paragraph 3 the Notice paraphrases language from § 1441(c).

Plaintiff timely sought remand, asserting that Edina failed to secure all Defendants' consent, contrary to the rule of unanimity. Marano Enter. of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001); see also Noske v. Noske, 980 F. Supp. 1026,

---

[1] A related case is pending in this District. In Murrin v. Fischer, et al., No. 07-CV-1295 (PJS/RLE), there are 19 named Defendants and ten "Doe" Defendants.

1029 (D. Minn. 1997) ("It is well-settled that, as a general proposition, all of the defendants to an action must consent to its removal to a Federal Court, when that removal is conducted pursuant to Section 1441."). Edina does not deny that it failed to get consent of all co-Defendants and thus concedes that, to the extent removal was premised on § 1441(a), such removal was inappropriate.

Edina contends that Plaintiffs' Motion to Remand is untimely as to § 1441(c) removal, because Plaintiffs' memorandum in support of the Motion mentions only the lack of unanimous consent as the grounds for remand and does not challenge the merits of removal pursuant to § 1441(c). Although Edina does not tell the Court why failure to secure unanimous consent would not defeat a removal pursuant to § 1441(c), Defendant Turgeon's memorandum in opposition to the Motion to Remand provides the Court with authority for the proposition that the unanimous consent of co-Defendants is not required for removal pursuant to § 1441(c).

Even if Turgeon is correct that Edina was not required to seek consent from co-Defendants prior to removing the case under § 1441(c), the Court notes that the removing party bears the burden to show that removal is proper, Med. College of Wis. Faculty Physicians & Surgeons v. Pitsch, 776 F. Supp. 437, 439 (E.D. Wis. 1991), and that all doubts about removal should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Moreover, Edina cannot now complain about Plaintiffs' failure to challenge the removal pursuant to § 1441(c) when Edina's Petition did not mention § 1441(c) as grounds for removal. Edina's failure to cite § 1441(c) vitiates Plaintiffs'

allegedly untimely challenge to that subsection.

While it is debatable whether all co-Defendants must consent to removal pursuant to § 1441(c),[2] it is not debatable that removal pursuant to § 1441(c) is appropriate only if "a separate and independent claim or cause of action within [the Court's federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action." A claim is "separate and independent" for purposes of § 1441(c) if it is "distinct; apart from; not united or associated" with any other claim, and if it is "self-sustaining; not contingent or conditioned" on another claim. Snow v. Powell, 189 F.2d 172, 174 (10th Cir. 1951); see also Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951) (finding that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)").

Thus, in a case where a plaintiff brought state-law negligence and federal civil rights claims against state officials for the release of an inmate who subsequently murdered plaintiff's daughter, the court found that removal pursuant to § 1441(c) was inappropriate because the only wrong complained of was plaintiff's loss of her daughter. Harrison v. Tex. Dep't of Corrections, 694 F. Supp. 226, 229 (E.D. Tex. 1988). Similarly where a plaintiff alleged religious discrimination pursuant to federal and state civil rights laws, the court noted

---

[2] The Federal Judicial Code Revision Project "makes clear that if an action is removed pursuant to § 1441(c), all but only properly joined defendants who have been effectively served or otherwise brought within the personal jurisdiction of the state court and against whom a § 1331 federal question claim has been asserted must join in the removal." 14C Wright, Miller & Cooper, Federal Practice & Procedure § 3724 at n.46.

that removal pursuant to § 1441(c) was improper. <u>Williams v. Huron Valley Sch. Dist.</u>, 858 F. Supp. 97, 99 (E.D. Mich. 1994). Because the plaintiff's claims arose from a "common nucleus of operative facts," they were by definition not "separate and independent" as required by § 1441(c). <u>Id.</u> at 100.

As in these cases, Plaintiffs' claims here arise out of the same transaction or series of transactions: Plaintiffs' investment in Avidigm and the alleged fraud perpetrated by Avidigm and other Defendants. Thus, these claims are plainly not "separate and distinct" within the meaning of § 1441(c), and Edina's removal on that basis was inappropriate.

If Edina had otherwise properly removed the case to this Court, the Court would have discretion to maintain jurisdiction over it or to remand only the state claims, keeping jurisdiction over Plaintiffs' federal claims. <u>See, e.g.</u>, <u>Harrison</u>, 694 F. Supp. at 229 (noting that "a district court may not remand a properly removed case for discretionary reasons not authorized by the controlling statute"). However, although it appears that the Court would have had jurisdiction over this case had it been properly removed pursuant to either §§ 1441(a) or (b), Edina's failure to secure consent from its co-Defendants prior to removal renders that removal improper. <u>See</u> <u>Jones v. Kremer</u>, 28 F. Supp.2d 1112, 1113 n.2 (D. Minn. 1998) (noting that the rule of unanimity is subject to "three well recognized exceptions," none of which apply to the instant matter). Thus, the Court lacks jurisdiction over the case and the entire matter must be remanded. Fed. R. Civ. P. 12(h)(3).

**B.     Motions to Dismiss**

Because the Court lacks subject matter jurisdiction over the case, the Court may not

entertain the Motions to Dismiss. These Motions are denied without prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Remand (Docket No. 19) is **GRANTED**;

2. Defendant Edina Realty's Motion to Dismiss (Docket No. 27) is **DENIED without prejudice**; and

3. Defendant Colleen Turgeon's Motion to Dismiss or for More Definite Statement (Docket No. 7) is **DENIED without prejudice**.


Dated:  September 25, 2007

                                        s/ Paul A. Magnuson
                                        Paul A. Magnuson
                                        United States District Court Judge